IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| NANCY WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1257-T-An |
| | ) | |
| RICHARD C. HARBER and | ) | |
| LAURA HARBER, | ) | |
| | ) | |
| Defendants. | ) | |

---

ORDER GRANTING ALLSTATE INSURANCE COMPANY'S
MOTION TO SEVER AND FOR SEPARATE TRIALS

---

Plaintiff Nancy West filed this personal injury action against Defendants Richard C.

Harber and Laura Harber in the Circuit Court of McNairy County, Tennessee. Defendants

removed the action to ths court with jurisdiction predicated on 28 U.S.C. § 1332. Plaintiff

has served but not named Allstate Insurance Company ("Allstate"), her uninsured/under-

insured insurance carrier. Allstate has moved the court to sever all contract issues regarding

uninsured or under-insured coverage pursuant to Fed. R. Civ. P. 42(b).[1] Plaintiff has not

responded to the motion. For the reasons set forth below, the motion is GRANTED.

---

[1] Rule 42(b) provides as follows:
The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be
conducive to expedition and economy, may order a separate trial of any claim, cross-claim,
counterclaim, or third-party claim, or of any separate issue or of any number of claims,
cross-claims, counterclaims, third-party claims, or issues. . . .

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _12/30/05_

Ordinarily, suit may not be brought directly against an uninsured motorist insurance carrier. Webster v. Harris, 727 S.W.2d 248, 251 (Tenn. App. 1987) (citing Hooper v. State Farm Mut. Auto. Ins. Co., 682 S.W.2d 505 (Tenn. App. 1984). Section 56-7-1206 of Tennessee Code Annotated "preserves for the uninsured motorist carrier the same right of anonymity as that enjoyed by a liability insurance carrier as it defends its insured as the only named defendant." Webster, 727 S.W.2d at 251. An insurance provider that has been served with process may, in its discretion, file pleadings and otherwise participate in the proceedings. See Harvey v. Birchfield, 535 S.W.2d 334, 336-37 (Tenn.1976).

When a plaintiff sues an uninsured motorist carrier and coverage issues arise, those issues should be severed and tried separately. Id. at 336. Consequently, the motion to sever all contract issues relating to uninsured coverage is GRANTED. The personal injury claim brought by Plaintiff will be tried first. After the resolution of that claim, a scheduling order on the contract claim will be entered.[2]

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_28 December 2005_
DATE

---

[2]  Ordinarily, questions involving an insurance policy's coverage and an insurer's duty to defend are questions of law which may be resolved by summary judgment. See Standard Fire Ins. Co. v. Chester O'Donley & Assoc., 972 S.W.2d 1, 5-6 (Tenn.App.1998).

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 11 in case 1:05-CV-01257 was distributed by fax, mail, or direct printing on December 30, 2005 to the parties listed.

---

Goodloe T. Lewis
HICKMAN GOZA & GORE
1305 Madison Ave.
Oxford, MS 38655

Ronnie Brooks
McNairy Cty Criminal Justice Ctr.
300 Industrial Park Dr.
Selmer, TN 38375

Glenn K. Vines
488 South Mendenhall
Memphis, TN 38117

Michael L. Mansfield
RAINEY KIZER REVIERE & BELL
105 S. Highland Ave.
P.O. Box 1147
Jackson, TN 38302--114

Honorable James Todd
US DISTRICT COURT